Larry IMPERIALE, Plaintiff–Appellant,

v.

CITY OF SAN DIEGO; Kries; Henderson, Officers; Does, 1–20, Defendants–Appellees.

No. 03–56999.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 7, 2005.

Decided June 22, 2005.

As Amended on Denial of Rehearing Aug. 5, 2005.

James E. Dunn, Esq., San Diego, CA, Patrick Condon, Esq., Albany, CA, for Plaintiff—Appellant.

Maria C. Severson, San Diego City Attorney's Office, San Diego, CA, for Defendants—Appellees.

Before: TROTT and W. FLETCHER, Circuit Judges, and RESTANI,* Judge.

MEMORANDUM **

Larry Imperiale contends that the district court erred by (1) granting the City of San Diego's Fed.R.Civ.P. 50(a) motion for judgment as a matter of law as to Imperiale's 42 U.S.C. § 1983 cause of action alleging unlawful search and seizure; (2) not allowing Imperiale's counsel to ex-

---

\* The Honorable Jane A. Restani, Chief Judge, United States Court of International Trade, sitting by designation.

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

**14**

amine an adverse party with leading questions; and (3) issuing a qualified immunity jury instruction. We reverse with respect to the district court's grant of the City's Rule 50(a) motion for judgment as a matter of law, but we affirm as to the other issues.

■ Judgment as a matter of law is proper only if "there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue." Fed. R.Civ.P. 50(a). Reviewing this issue de novo and with all respect to the district court, the evidence in this case would permit a jury to determine that the officers lacked reasonable suspicion to stop Imperiale's car. The key piece of evidence is the fact that a valid registration extension was placed where it belonged in the rear window of Imperiale's hatchback. Although the officers say they did not see the extension until the car was stopped, enough evidence exists for the jury to conclude they did.

We reject also Imperiale's contention that the officers' observations in the parkingh lot of the liquor store justify the district court's order granting judgment as a matter of law. A reasonable jury could have found that those observations did not give rise to reasonable suspicion that Imperiale had been involved in a drug transaction. Thus, the district court erred in granting the Rule 50(a) motion for judgment as a matter of law with regard to Imperiale's unlawful search and seizure claim. Whether the officers had reasonable suspicion to stop Imperiale's vehicle is a question of fact for the jury.

■ Imperiale is not, however, entitled to a new trial with regard to his excessive force cause of action. We reject Imperiale's claim that the district court erred by disallowing Imperiale's examination of an adverse party with leading questions. Federal Rule of Evidence 611(c) vests broad discretion in trial courts with regard to allowing leading questions, and this Court will only reverse if "the judge's action ... amounted to, or contributed to, the denial of a fair trial." *Miller v. Fairchild Indus., Inc.*, 885 F.2d 498, 514 (9th Cir.1989). Imperiale fails to establish how not being allowed to ask leading questions contributed to the denial of a fair trial. For example, Imperiale does not attempt to explain what information he was not able to elicit from Officer Kries or how the examination was not effective. Therefore, even assuming the district court erred by not allowing leading questions, Imperiale's challenge fails under *Miller*.

Finally, any error with regard to the district court's qualified immunity jury instruction was harmless because the jury found in favor of the defendant officers without ever reaching the question of qualified immunity. Each party shall bear their own cost on appeal.

AFFIRMED in part and REVERSED in part.